IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| BRETT KIMBERLIN<br>8100 Beech Tree Road<br>Bethesda, MD 20817 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Removed from the Circuit Court of<br>Montgomery County, Maryland |
| v. | )<br>) | Case No. 401958-V |
| THE HOME DEPOT, INC. and<br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road, N.W.<br>Atlanta, GA 30339 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants The Home Depot, Inc. and Home Depot, U.S.A., Inc. ("Home Depot" or "Defendants"),[1] file this Notice of Removal of this action from the Circuit Court of Montgomery County, Maryland, to the United States District Court for the District of Maryland, Greenbelt Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the basis of the following facts, which show that this case may be properly removed to this Court:

1. Defendants have been sued in a civil action entitled *Kimberlin v. The Home Depot, Inc., et al.*, Case No. 401958-V, in the Circuit Court of Montgomery County, Maryland (the "State Court Action").

2. Plaintiff Brett Kimberlin ("Plaintiff") filed the Complaint in the State Court Action on March 9, 2014 and served the Complaint on March 31, 2015.

---

[1] The Complaint improperly names The Home Depot, Inc. as a defendant. The Home Depot, Inc. is not a retailer and therefore engaged in no transactions with Plaintiff. Rather, The Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc., which is a home improvement retailer. Home Depot will formally raise this issue at the appropriate juncture.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Home Depot has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## I. HOME DEPOT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. Plaintiff served Home Depot with the Complaint on March 31, 2015. *See* Exhibit A. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days of Plaintiff's service of the "initial pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

5. As of the date of this removal, Home Depot has not filed a responsive pleading to the Complaint. Home Depot reserves all rights to assert any and all defenses or otherwise respond to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

6. Venue lies in the United States District Court for the District of Maryland, Greenbelt Division under 28 U.S.C. § 1441(a) because the original action was filed in a state court located within the District of Maryland. The Circuit Court of Montgomery County, Maryland is located within the Greenbelt Division of the District of Maryland. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5(a), true and legible copies of all process, pleadings, and orders served on Home Depot in this matter are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the clerk of the Circuit Court of Montgomery County, Maryland.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. As set forth below, this is an action in which the parties are diverse, and based on the allegations in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court under 28 U.S.C. § 1332(a).

### A. The Parties Are Diverse.

9. This Court has original jurisdiction over any civil action between citizens of different states. 28 U.S.C. § 1332(a).

10. Plaintiff is a citizen of Maryland. (*See* Compl. ¶ 5.)

11. The Home Depot, Inc. and Home Depot U.S.A., Inc. are incorporated in the state of Delaware and maintain their principal places of business in Georgia. (Compl. ¶¶ 6–7.) Accordingly, both Defendants are citizens of Delaware and Georgia.

12. Because Plaintiff is diverse from all Defendants, the requirement of complete diversity under 28 U.S.C. § 1332(a) is satisfied.

### B. The Amount-in-Controversy Exceeds $75,000.

13. Plaintiff contends that Home Depot violated Maryland common law and various provisions of Maryland's Personal Information Protection Act (Md. Comm. Code § 14-3501 *et seq.*) by allegedly failing to take appropriate measures to prevent a criminal intrusion into Home Depot's payment data systems and allegedly failing to provide notice of the breach in a timely manner. (*See, e.g.*, Compl. ¶¶ 1–4, 20–40.)[2]

---

[2] Fifty-two putative class actions filed against Home Depot in connection with the data breach have been consolidated by the Judicial Panel on Multidistrict Litigation in an MDL proceeding in the United States District Court for the Northern District of Georgia before

14.     Plaintiff alleges that he shopped at Home Depot stores in Maryland using his personal credit cards during 2014 and has been harmed as a result of the data breach. (Compl. ¶¶ 3–4.) Among other things, Plaintiff claims that fraudulent charges were made with his credit cards and that he has suffered "embarrassment, bank charges, emotional distress, and lost economic opportunities." (Compl. ¶¶ 4, 17–19.)[3]

15.     Plaintiff seeks "compensatory damages in an amount exceeding $75,000" to redress the harm he allegedly suffered as a result of the data breach. (Compl., Prayer for Relief.)

16.     Plaintiff also seeks "punitive damages in an amount exceeding $5 million." (Compl., Prayer for Relief.) The Fourth Circuit has held that "[e]xemplary or punitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement." *Gordon v. Nat'l Bus. Consultants, Inc.*, No. 87–2676, 856 F.2d 186 (table), 1988 WL 86618, at *1 (4th Cir. 1998) (unpublished).

17.     Based on Plaintiff's assertion that he is entitled to compensatory damages exceeding $75,000 and punitive damages exceeding $5 million, the amount in controversy exceeds $75,000.

## III.   CONCLUSION

18.     While Home Depot believes Plaintiff has suffered no injury and has failed to state a claim for several additional reasons, based on Plaintiff's allegations, the parties are diverse, and

---

Chief Judge Thomas W. Thrash, Jr. *See In re The Home Depot, Inc. Security Breach Litigation,* 1:14-md-02583-TWT (N.D. Ga.).

[3]     Home Depot disputes that Plaintiff has alleged any concrete injury sufficient to confer Article III standing and will move to dismiss the complaint on all applicable grounds at the appropriate time. In any event, the "'question is not what damages the plaintiff will recover, but what amount is "in controversy" between the parties.'" *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631–32 (4th Cir. 2007) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)).

the amount in controversy in this matter exceeds the jurisdictional threshold of $75,000 set forth in 28 U.S.C. § 1332(a).

19. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, and 1446, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

20. Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Defendants will give written notice of the Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court for the Circuit Court of Montgomery County, Maryland.

WHEREFORE, Home Depot respectfully requests that this action be removed from the Circuit Court of Montgomery County, Maryland, to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

Respectfully submitted this 14th day of April, 2015.

*[signature]*
Kevin M. Dinan
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
kdinan@kslaw.com

*Counsel for Defendants*

Phyllis B. Sumner
S. Stewart Haskins II
J. Andrew Pratt
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
psumner@kslaw.com
shaskins@kslaw.com
apratt@kslaw.com

*Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April 2015, I caused a true and correct copy of the foregoing to be served on Plaintiff by overnight mail, as set forth below:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817

_____
Kevin M. Dinan