# Exhibit B

## BEFORE THE JUDICIAL PANEL ON
## MULTI-DISTRICT LITIGATION

IN RE THE HOME DEPOT, INC.     )
CUSTOMER DATA SECURITY     )     MDL NO. 2583
BREACH LITIGATION     )

## NOTICE OF POTENTIAL TAG-ALONG ACTION

In accordance with Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel

on Multidistrict Litigation, Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc.

write to notify you of the potential tag-along action listed on the attached Schedule.

A docket sheet and complaint are attached.

DATED:  April 15, 2015         */s/ S. Stewart Haskins II*
                         S. Stewart Haskins II
                         KING & SPALDING LLP
                         1180 Peachtree Street
                         Atlanta, Georgia 30309
                         Telephone: (404) 572-4600
                         Facsimile: (404) 572-5100
                         shaskins@kslaw.com

                         *Counsel for Defendants The Home Depot,*
                         *Inc. and Home Depot U.S.A., Inc.*

# BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

**In re The Home Depot, Inc. Customer - Data Security Breach Litigation**      **MDL-2583**

## SCHEDULE OF ACTIONS

|  | Plaintiffs | Defendants | District | Civil Action No. | Judge |
|---|---|---|---|---|---|
| 1. | Brett Kimberlin | The Home Depot, Inc. and Home Depot U.S.A., Inc. | District of Maryland | 8:15-cv-01079-TDC | Theodore D. Chuang |

# BEFORE THE JUDICIAL PANEL ON
# MULTI-DISTRICT LITIGATION

IN RE THE HOME DEPOT, INC.      )
CUSTOMER DATA SECURITY      )         MDL NO. 2583
BREACH LITIGATION      )

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on April 15, 2015, a Notice of Potential Tag-Along

Action was filed electronically with the Clerk of the United States Judicial Panel on Multidistrict

Litigation using the CM/ECF system, and that a true and correct copy of the Notice was served

by U.S. Mail, postage prepaid, on the following:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817

*Plaintiff*

 

                                */s/ S. Stewart Haskins II*
                                S. Stewart Haskins II
                                KING & SPALDING LLP
                                1180 Peachtree Street
                                Atlanta, Georgia 30309
                                Telephone: (404) 572-4600
                                Facsimile: (404) 572-5100
                                shaskins@kslaw.com

                                *Counsel for Defendants The Home Depot,*
                                *Inc. and Home Depot U.S.A., Inc.*

# U.S. District Court
## District of Maryland (Greenbelt)
## CIVIL DOCKET FOR CASE #: 8:15-cv-01079-TDC

| | |
|---|---|
| Kimberlin v. The Home Depot, Inc. et al | Date Filed: 04/14/2015 |
| Assigned to: Judge Theodore D. Chuang | Jury Demand: Plaintiff |
| Case in other court: Circuit Court for Montgomery County, Maryland, 401958-V | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal | |

**Plaintiff**

**Brett Kimberlin**                    represented by    **Brett Kimberlin**
8100 Beech Tree Road
Bethesda, MD 20817
PRO SE

V.

**Defendant**

**The Home Depot, Inc.**              represented by    **Kevin M Dinan**
King and Spalding
1730 Pennsylvania Ave NW
Washington, DC 20006
12027370500
Fax: 12026263737
Email: kdinan@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Defendant**

**Home Depot USA, Inc.**              represented by    **Kevin M Dinan**
(See above for address)
*LEAD ATTORNEY*

Case MDL No. 2583   Document 143-3   Filed 04/15/15   Page 2 of 25
Case 8:15-cv-01079-TDC   Document 14-2   Filed 04/21/15   Page 6 of 29

*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2015 | 1 | NOTICE OF REMOVAL from Circuit Court for Montgomery County, Maryland, case number 401958-V. ( Filing fee $ 400 receipt number 84637025077), filed by Home Depot USA, Inc., The Home Depot, Inc. (Attachments: # 1 Civil Cover Sheet)(aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 | 2 | COMPLAINT against Home Depot USA, Inc., The Home Depot, Inc., filed by Brett Kimberlin. (Attachments: # 1 Case Information Sheet)(aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 | 3 | Summons Issued 60 days as to Home Depot USA, Inc., The Home Depot, Inc. (Attachments: # 1 summons)(aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 | 4 | NOTICE of New Case Number. (aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 | 5 | SCHEDULING ORDER - Track II. (aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 | 6 | Business and Technology Case Track Assignment. (aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 | 7 | State Court Docket Sheet. (aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 | 8 | NOTICE of Removal to Federal Court by Home Depot USA, Inc., The Home Depot, Inc. (aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/14/2015 |  | THE ABOVE DOCUMENTS (2-8) ARE COPIES OF ORIGINAL PAPERS FILED IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND. (aos, Deputy Clerk) (Entered: 04/15/2015) |

District of Maryland (CM/ECF Live 6.1)                Page 3 of 3
Case 8:15-cv-01079-TDC   Document 14-2   Filed 04/21/15   Page 7 of 29
Case MDL No. 2583   Document 143-3   Filed 04/15/15   Page 3 of 25

| 04/15/2015 | 9 | Removal Notification Letter (c/m 4/15/2015 aos, Deputy Clerk) Modified on 4/15/2015 (aos, Deputy Clerk). (Entered: 04/15/2015) |
| 04/15/2015 | 10 | Standing Order Concerning Removal. Signed by Judge Theodore D. Chuang on 4/15/2015. (c/m 4/15/2015 aos, Deputy Clerk) (Entered: 04/15/2015) |
| 04/15/2015 | | Deficiency Notice as to The Home Depot, Inc. and Home Depot USA, Inc. -- Your Local Rule 103.3 disclosure statement has not been filed. The Statement must be filed by 4/27/2015 (aos, Deputy Clerk) (Entered: 04/15/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/15/2015 16:00:10 | | |
| **PACER Login:** | ks0260:2583319:3937944 | **Client Code:** 03031-197033-007345 |
| **Description:** Docket Report | | **Search Criteria:** 8:15-cv-01079-TDC |
| **Billable Pages:** 1 | | **Cost:** 0.10 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

BRETT KIMBERLIN )
8100 Beech Tree Road )
Bethesda, MD 20817 )
          )
        Plaintiff, )     Removed from the Circuit Court of
        )     Montgomery County, Maryland
    v. )     Case No. 401958-V
        )
THE HOME DEPOT, INC. and )
HOME DEPOT U.S.A., INC. )
2455 Paces Ferry Road, N.W. )
Atlanta, GA 30339 )
          )
        Defendants. )
_____ )

## DEFENDANTS' NOTICE OF REMOVAL

      Defendants The Home Depot, Inc. and Home Depot, U.S.A., Inc. ("Home Depot" or

"Defendants"),[1] file this Notice of Removal of this action from the Circuit Court of Montgomery

County, Maryland, to the United States District Court for the District of Maryland, Greenbelt

Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the

basis of the following facts, which show that this case may be properly removed to this Court:

      1.     Defendants have been sued in a civil action entitled *Kimberlin v. The Home*

*Depot, Inc.*, *et al.*, Case No. 401958-V, in the Circuit Court of Montgomery County, Maryland

(the "State Court Action").

      2.     Plaintiff Brett Kimberlin ("Plaintiff") filed the Complaint in the State Court

Action on March 9, 2014 and served the Complaint on March 31, 2015.

---

[1]    The Complaint improperly names The Home Depot, Inc. as a defendant. The Home Depot,
Inc. is not a retailer and therefore engaged in no transactions with Plaintiff. Rather, The
Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc., which is a home
improvement retailer. Home Depot will formally raise this issue at the appropriate juncture.

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Home Depot has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## I.      HOME DEPOT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      Plaintiff served Home Depot with the Complaint on March 31, 2015.  *See* Exhibit A.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days of Plaintiff's service of the "initial pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."
28 U.S.C. § 1446(b).

5.      As of the date of this removal, Home Depot has not filed a responsive pleading to the Complaint.  Home Depot reserves all rights to assert any and all defenses or otherwise respond to the Complaint.  Home Depot further reserves the right to amend or supplement this Notice of Removal.

6.      Venue lies in the United States District Court for the District of Maryland, Greenbelt Division under 28 U.S.C. § 1441(a) because the original action was filed in a state court located within the District of Maryland.  The Circuit Court of Montgomery County, Maryland is located within the Greenbelt Division of the District of Maryland.  Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5(a), true and legible copies of all process, pleadings, and orders served on Home Depot in this matter are attached as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the clerk of the Circuit Court of Montgomery County, Maryland.

2

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8.      As set forth below, this is an action in which the parties are diverse, and based on the allegations in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court under 28 U.S.C. § 1332(a).

### A.   The Parties Are Diverse.

9.      This Court has original jurisdiction over any civil action between citizens of different states. 28 U.S.C. § 1332(a).

10.     Plaintiff is a citizen of Maryland. (*See* Compl. ¶ 5.)

11.     The Home Depot, Inc. and Home Depot U.S.A., Inc. are incorporated in the state of Delaware and maintain their principal places of business in Georgia. (Compl. ¶¶ 6–7.) Accordingly, both Defendants are citizens of Delaware and Georgia.

12.     Because Plaintiff is diverse from all Defendants, the requirement of complete diversity under 28 U.S.C. § 1332(a) is satisfied.

### B.   The Amount-in-Controversy Exceeds $75,000.

13.     Plaintiff contends that Home Depot violated Maryland common law and various provisions of Maryland's Personal Information Protection Act (Md. Comm. Code § 14-3501 *et seq.*) by allegedly failing to take appropriate measures to prevent a criminal intrusion into Home Depot's payment data systems and allegedly failing to provide notice of the breach in a timely manner. (*See, e.g.*, Compl. ¶¶ 1–4, 20–40.)[2]

---

[2]   Fifty-two putative class actions filed against Home Depot in connection with the data breach have been consolidated by the Judicial Panel on Multidistrict Litigation in an MDL proceeding in the United States District Court for the Northern District of Georgia before

14.     Plaintiff alleges that he shopped at Home Depot stores in Maryland using his personal credit cards during 2014 and has been harmed as a result of the data breach.  (Compl. ¶¶ 3–4.)  Among other things, Plaintiff claims that fraudulent charges were made with his credit cards and that he has suffered "embarrassment, bank charges, emotional distress, and lost economic opportunities."  (Compl. ¶¶ 4, 17–19.)[3]

15.     Plaintiff seeks "compensatory damages in an amount exceeding $75,000" to redress the harm he allegedly suffered as a result of the data breach.  (Compl., Prayer for Relief.)

16.     Plaintiff also seeks "punitive damages in an amount exceeding $5 million." (Compl., Prayer for Relief.)  The Fourth Circuit has held that "[e]xemplary or punitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement."  *Gordon v. Nat'l Bus. Consultants, Inc.*, No. 87–2676, 856 F.2d 186 (table), 1988 WL 86618, at *1 (4th Cir. 1998) (unpublished).

17.     Based on Plaintiff's assertion that he is entitled to compensatory damages exceeding $75,000 and punitive damages exceeding $5 million, the amount in controversy exceeds $75,000.

## III.   CONCLUSION

18.     While Home Depot believes Plaintiff has suffered no injury and has failed to state a claim for several additional reasons, based on Plaintiff's allegations, the parties are diverse, and

---

Chief Judge Thomas W. Thrash, Jr.  *See In re The Home Depot, Inc. Security Breach Litigation,* 1:14-md-02583-TWT (N.D. Ga.).

[3]   Home Depot disputes that Plaintiff has alleged any concrete injury sufficient to confer Article III standing and will move to dismiss the complaint on all applicable grounds at the appropriate time.  In any event, the "'question is not what damages the plaintiff will recover, but what amount is "in controversy" between the parties.'"  *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631–32 (4th Cir. 2007) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)).

the amount in controversy in this matter exceeds the jurisdictional threshold of $75,000 set forth in 28 U.S.C. § 1332(a).

19.    For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, and 1446, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

20.    Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Defendants will give written notice of the Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court for the Circuit Court of Montgomery County, Maryland.

WHEREFORE, Home Depot respectfully requests that this action be removed from the Circuit Court of Montgomery County, Maryland, to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

Respectfully submitted this 14th day of April, 2015.

Kevin M. Dinan
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
kdinan@kslaw.com

*Counsel for Defendants*

Phyllis B. Sumner
S. Stewart Haskins II
J. Andrew Pratt
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
psumner@kslaw.com
shaskins@kslaw.com
apratt@kslaw.com

*Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April 2015, I caused a true and correct

copy of the foregoing to be served on Plaintiff by overnight mail, as set forth below:

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817

Kevin M. Dinan

JS 44 (Rev. 12/12)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Brett Kimberlin

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se
8100 Beech Tree Road
Bethesda, MD 20817

**DEFENDANTS**

The Home Depot, Inc.
Home Depot, U.S.A., Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441, and 1446
Brief description of cause:
Removal of lawsuit filed in connection with data breach alleging violation of Maryland statutory and common law

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,075,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE  Thomas W. Thrash
DOCKET NUMBER 1:14-md-02583 (N.D. Ga.)

DATE  4/14/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY MARYLAND

BRETT KIMBERLIN
8100 Beech Tree Road
Bethesda, MD 20817,
     Plaintiff,

v.                        No.

THE HOME DEPOT, INC.
     and
HOME DEPOT USA, INC.
c/o CSC-LAWYERS INCORPORATING SERVICE
7 ST. PAUL STREET, SUITE 820
BALTIMORE, MD 21202
2455 Paces Ferry Rd
Atlante, GA 30339
     Defendants.

## COMPLAINT FOR DAMAGES

Plaintiff Brett Kimberlin brings this Complaint for damages against Defendants The Home Depot Inc. and Home Depot USA Inc, (collectively, "Home Depot") for damages from the so-called "Home Depot Data Breach" that occurred in 2014 whereby the debit, credit and personal information of millions of Home Depot customers, including Plaintiff, was stolen from Home Depot's in-store credit and debit card processing system.

1. From April 2014 through August 2014, hackers infiltrated Home Depot's computer systems and stole the above-mentioned data. Because of this breach, customers' private and financial information flooded the black market and fraudulent charges ensued, along with identity theft and other harms.

2. On September 2, 2014, news outlets began reporting on the Home Depot data breach. A week later, Home Depot confirmed the breach and began notifying customers that their credit and debit card information may have been

compromised.  Finally, on September 18, 2014, Home Depot confirmed that 56

million cards were affected by the beach.  It quickly became clear that despite the

law requiring that customers' information be maintained securely and the widely

publicized breaches of other major banks and retailers, Home Depot failed to

exercise reasonable security precautions and failed to comply with established

industry precautions to protect its customers' personal and financial information.

Had Home Depot taken necessary precautions to protect its customers, it would

have prevented the beach altogether and detected any potential breach, reducing

the harm to its customers, including Plaintiff.

3.   Plaintiff has been a Home Depot customer for more than ten years and,

during 2014, spent thousands of dollars at various Home Depot stores in Maryland

using his personal credit cards and his Home Depot credit card.

4.   As a result of the breach, Plaintiff has suffered damage, including identity

theft, fraudulent charges on several occasions on several of the credit cards he used

at Home Depot, and embarrassment, bank charges, emotional distress and lost

economic opportunities.

### Parties

5.   Plaintiff Brett Kimberlin is a resident of Montgomery County Maryland.

6.   Defendant The Home Depot Inc is incorporated in the State of Delaware, with

its business headquarters in Atlanta, Georgia, and retail outlets in Montgomery

County Maryland.

7.  Defendant Home Depot USA Inc is a domestic subsidiary of The Home Depot Inc. incorporated in Delaware.  Home Depot is one of the top five largest retailers by revenue in the United States with close to 2,000 stores.

## Jurisdiction and Venue

8.  This Court has jurisdiction over Home Depot because it is registered to conduct business in Montgomery County Maryland, and it avails itself to the markets in the county through the promotion, sale, marketing and distribution of its products in Maryland. Maryland Code 13-408 also gives this Court jurisdiction over this action.

9.  Venue is proper because Plaintiff resides in Montgomery County and Home Depot has several retail outlets in the county.  A substantial part of the events giving rise to Plaintiff's claims occurred in the county.

## Statement of Facts

10.  Home Depot accepts payments at its stores through bank issued credit cards and through its own credit cards, the latter that carries a very high interest rate.  As such, Home Depot collects data in customers who apply for and use the Home Depot credit cards, and it tracks all data from every transaction made when any credit card is used in its stores.  This tracked data includes names, card numbers, card expiration dates, and CVV codes.  Anyone who has access to that tracked information can create a new card and make fraudulent transactions at other stores and online.  This type of consumer data is valuable on the black market, and theft of such information has occurred recently at several major retailers and resulted in millions in losses to banks, customers and corporations.

11. On September 2, 2014, the investigative security reporter Brian Krebs announced that Home Depot was the victim of a data breach and that massive numbers of stolen credit and debit cards traced to Home Depot were being sold on the black market.

12. On September 8, 2014, Home Depot finally issued a press release confirming that its payment system had been breached, and that "it could potentially impact customers using payment cards at its U.S. and Canadian stores" from April 2014. Ten days later, Home Depot confirmed that 56 million cards were exposed in the breach, which media reported to be the largest in history that could result in $3 billion in fraudulent charges.

13. A few days later, the New York Times reported that Home Depot employees had told its reporters that Home Depot "was slow to respond to early threats and only belatedly took action" and that it "relied on outdated software to protect its network and scanned systems that handled customer information irregularly...." *New York Times*, "Ex-Employees Say Home Depot Left Data Vulnerable." Sept. 19, 2014.

14. Home Depot failed to follow and apply Payment Card Industry Data Security Standards that provide a baseline for how retailers must secure credit and debit cards.  The PCI Security Standards Council lists 12 core security goals for compliance with each standard requirement:

- Install and maintain a firewall configuration to protect cardholder data
- Do not use vendor-supplied defaults for system passwords and security
- Protect stored cardholder data
- Encrypt transmission of cardholder data across open, public networks
- Protect all systems against malware and update anti-virus software

- Develop and maintain secure systems and applications
- Restrict access to cardholder data by business need to know
- Identify and authenticate access to system components
- Restrict physical access to cardholder data
- Track and monitor all access to network resources and cardholder data
- Regularly test security systems and processes
- Maintain a policy that addresses information security for all personnel

15. The fact that thieves were able to steal debit and credit card information of millions of Home Depot customers over a four-month period clearly demonstrates that Home Depot failed to properly monitor and protect its security systems for breaches and non-permitted access. PCI standards require that major companies monitor all their systems at least once per day. PCI Standards, Version 3.0, Requirement 10.6, p 87.

16. Home Depot also failed to encrypt its customers' data contrary to PCI and industry standards.  Strong encryption measures are necessary so that if data is improperly accessed it would be unusable and indecipherable to criminals.   The rapid availability of Home Depot's customers' unencrypted data on the black market demonstrates that Home Depot was not encrypting data or was using lax encryption data.

17. Because of Home Depot's security failures, Plaintiff's confidential credit card data was stolen from multiple cards issued by multiple banks.  Since June 2014, he has been subjected to multiple fraudulent uses of two of his Suntrust credit cards, including once by a person using an Arab name in Louisiana trying to make a large purchase of sophisticated communications equipment, and, months later, three times by a person at a Super Walmart in Georgia.  Plaintiff had not been in those two states at the time of those fraudulent transactions.

18. After both of those cards were fraudulently used, Suntrust cancelled both cards and issued new ones. This caused a cascading of problems for Plaintiff, including scores of automatic payment charges that did not go through because the cards were cancelled. Plaintiff has now had to twice inform scores of vendors of the new cards. This has caused him severe humiliation, embarrassment, threats that his credit scores could be affected, loss of essential services such as debited meter parking, EZ pass, GoDaddy hosting, financial processing, and late and over-draft charges on many accounts. This has left Plaintiff without use of his credit cards for weeks at a time while he waited for Suntrust to issue new cards. This has prevented him from access to ATMs and on several occasions not having a credit card to purchase fuel for his automobile which left him scrambling to find sufficient change in his pockets and his wife's purse to make it to the bank. Plaintiff has had to spend untold hours and money re-securing his accounts, and he has lost financial opportunities such as sales events because he did not have a credit card. Several of Plaintiff's automatic billing accounts have been closed because he failed to pay on time due to the lack of a valid credit card on file. The interest rates on some of his cards have now gone up because Plaintiff's failure to pay on time. Plaintiff has had to secure the service of a credit monitoring service to protect his credit rating. In short, Plaintiff has been harmed by having his financial and personal information compromised, and is at risk for future identity theft fraud due to his information being stolen from Home Depot and sold to criminals on the black market.

19. When Plaintiff complained to Home Depot Customer Service in Atlanta about the breach and the attendant harm, he was offered a "$50 debit card." On or about February 20, 2015, Plaintiff received a letter from Home Depot about his complaint. It said that Home Depot would not compensate Plaintiff because Plaintiff's bank had refunded all the fraudulent charges.

### CLAIM I
### NEGLIGENCE

20. Plaintiff incorporates the above allegations by reference.

21. In collecting debit and credit card information of its customers, Home Depot owed Plaintiff a duty to exercise reasonable care in safeguarding and protecting that information. This duty included, among other things, maintaining and testing Home Depot's security systems and taking other reasonable security precautions to protect and secure the personal data of Plaintiff from unauthorized access. Home Depot was aware that by taking credit card and personal information of its customers, it had a responsibility to institute reasonable security measures to protect the data from being stolen.

22. As noted below, the failure of Home Depot to protect its data violated Maryland's Personal Information Protection Act, Md. Comm. Code, Section 14-3503 which was created specifically to protect customers who provide personal information to business during transactions with those businesses.

23. It took Home Depot several months to notify Plaintiff in a timely manner that a breach had occurred. This violated section 14-3504 of the Code, which requires prompt notification of a breach. During that time Plaintiff's credit card was used for a fraudulent purchase in Louisiana. Had Plaintiff been properly notified of the

breach, which began in April 2014, he could have undertaken appropriate measures to avoid that unauthorized charge.

24. Home Depot's failure to take reasonable security measures to protect Plaintiff caused injury to Plaintiff. He was and is at risk of identity theft and all the attendant harm that goes along with identity theft. If Home Depot had taken adequate steps to protect its data, thieves would not have been able to steal Plaintiff's private information.

25. It was foreseeable that if Home Depot did not take reasonable security measures, its data would be stolen. Major retailers such as Home Depot face a higher threat of data breaches than individuals and small businesses because of the mere fact that their databases contain information about millions of customers. Home Depot, therefore, should have known to take extra precautions to secure its data, especially in light of other breaches my major retailers.

26. Home Depot breached its duty to exercise reasonable care in protecting the personal information of Plaintiff by failing to implement and maintain adequate security measures to safeguard Plaintiff's personal information, and allowing unauthorized access to the personal information of Plaintiff.

27. But for Home Depot's failure to implement and maintain adequate security measures to protect Plaintiff's personal information, the personal information of Plaintiff would not have been stolen, the identities and financial accounts of Plaintiff would not have been subjected to fraud, and Plaintiff would not be facing a higher future risk of identity theft.

28. Home Depot's negligence was the substantial factor in causing harm to Plaintiff.

29. As a direct and proximate result of Home Depot's failure to exercise reasonable care and use reasonable security measures, unauthorized individuals accessed Plaintiff's financial information and used the information to commit credit card fraud. Plaintiff's has been subjected to identity theft and will continue to be subjected to identity theft. This has and will cause him economic damage.

30. Plaintiff seeks compensatory and punitive damages, and any other relief this Court deems just and proper.

## CLAIM II
## VIOLATION OF MARYLAND PERSONAL INFORMATION PROTECTION ACT
### Maryland Code 14-3503

31. Plaintiff incorporates the above allegations by reference.

32. Md. Code 14-3503 states: "To protect personal information from unauthorized access, use, modification, or disclosure, a business that owns or licenses personal information of an individual residing in the State shall implement and maintain reasonable security procedures and practices that are appropriate to the nature of the personal information owned or licensed and the nature and size of the business and its operations."

33. Home Depot is a "business" within the meaning of section 3503.

34. Plaintiff is an "individual" within the meaning of section 3503.

35. The Home Depot data breach falls within the meaning set for in section 14-3504(a)(1): "(1) 'Breach of the security of a system' means the unauthorized

acquisition of computerized data that compromises the security, confidentiality, or integrity of the personal information maintained by a business."

36. Home Depot did not "maintain reasonable security procedures and practices that are appropriate to the ... size of the business and its operations," and thereby violated section 3503.

37. Plaintiff has been harmed because Home Depot's violation of section 3503.

38. A violation of section 3503 is "an unfair or deceptive trade practice within the meaning of Title 13" and "is subject to the enforcement and penalty provisions contained in Title 13...." See 14-3508.

39. Plaintiff is an "aggrieved party" pursuant to 13-407 and therefore he is authorized to "institute any appropriate proceeding he considers necessary" to protect his rights.

40. Section 13-408 provides that, as an aggrieved person, Plaintiff "may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title."

### CLAIM III
### VIOLATION OF CONSUMER NOTIFICATION
### Maryland Code 14-3504

41. Plaintiff incorporates the above by reference.

42. Md. Code 14-3504(c)(2) requires that a business notify a customer of any breach of security "as soon as reasonably practicable after the business discovers or is notified of the breach of the security of a system."

43. The Home Depot breach began in April 2014 but it did not notify Plaintiff of the breach until mid-September 2014.

44. Between April and September, someone with an Arab name from Louisiana fraudulently used Plaintiff's credit card while attempting to purchase sophisticated and expensive communications equipment on the Internet and having it sent to a gas station in Louisiana.

45. Plaintiff has been harmed because Home Depot's violation of section 3504.

46. A violation of section 3504 is "an unfair or deceptive trade practice within the meaning of Title 13" and "is subject to the enforcement and penalty provisions contained in Title 13...." See 14-3508.

47. Plaintiff is an "aggrieved party" pursuant to 13-407 and therefore he is authorized to "institute any appropriate proceeding he considers necessary" to protect his rights.

48. Section 13-408 provides that, as an aggrieved person, Plaintiff "may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title."


### RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

- Award compensatory damages in an amount exceeding $75,000 as determined at trial;

- Award punitive damages in an amount exceeding $5 million in order to send a message to Home Depot that these data breaches will not be tolerated;

- Award such other relief as equity and justice requires.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims set forth above.

Dated this 9th day of March, 2015                    Respectfully submitted,

Brett Kimberlin
8100 Beech Tree Road
Bethesda, MD 20817
(301) 320 5921

2015 MAR -9 PM 3:10
FILED
CLERK OF COURT
CLERK'S OFFICE
MONTGOMERY CO. MD.

Circuit Court for  MONTGOMERY COUNTY MARYLAND, ROCKVILLE  ▼

*City or County*

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).
*A copy must be included for each defendant to be served.*
     *Defendant:* You must file an Information Report as required by Rule 2-323(h).
     **THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT      CASE NUMBER _____

(Clerk to insert)

CASE NAME: BRETT KIMBERLIN _____  vs.  HOME DEPOT INC _____

*Plaintiff*                                    *Defendant*

JURY DEMAND: ☒ Yes ☐ No     Anticipated length of trial:  4  hours or _____ days
RELATED CASE PENDING? ☐ Yes ☒ No     If yes, Case #(s), if known: _____

Special Requirements?  ☐ Interpreter (Please attach Form CC-DC 41)

☐ ADA accommodation (Please attach Form CC-DC 49)

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF |
|---|---|---|

| **TORTS** | **LABOR** | **A. TORTS** |
|---|---|---|
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** | |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 | |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 | ☐ Medical Bills |
| ☐ Product Liability | ☐ Other | ☐ $50,000 - $100,000 | $ _____ |
| ☐ Professional Malpractice | **CONTRACTS** | ☒ Over $100,000 | ☐ Property Damages |
| ☐ Wrongful Death | ☐ Insurance | | $ _____ |
| ☐ Business & Commercial | ☐ Confessed Judgment | | ☐ Wage Loss |
| ☐ Libel & Slander | ☐ Other | | $ _____ |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY** |
| ☐ Nuisance | ☐ Judicial Sale | | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000 | ☐ Declaratory Judgment |
| ☐ Fraud | ☐ Landlord Tenant | ☐ $10,000 - $20,000 | ☐ Injunction |
| ☐ Malicious Prosecution | ☐ Other | ☐ Over $20,0000 | ☐ Other |
| ☐ Lead Paint | **OTHER** | | |
| ☐ Asbestos | ☐ Civil Rights | | |
| ☒ Other | ☐ Environmental | | |
| UNFAIR TRADE PRACT | ☐ ADA | | |
| | ☐ Other | | |

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
     A. Mediation ☒ Yes ☐ No          C. Settlement Conference ☒ Yes ☐ No
     B. Arbitration ☒ Yes ☐ No          D. Neutral Evaluation ☐ Yes ☐ No

## TRACK REQUEST

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**
     ☒ 1/2 day of trial or less          ☐ 3 days of trial time
     ☐ 1 day of trial time          ☐ More than 3 days of trial time
     ☐ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.**

Date  MARCH 9, 2015                    Signature _____

CC/DCM 002 (Rev. 2/2010)          Page 1 of 3

*Left margin (rotated):* 2015 MAR -9  PM 3: 11

FILED
CLERK OF COURT
CLERK'S OFFICE
MONTGOMERY CO. MD.

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☒                                                              ☐
**Expedited**                                          **Standard**
Trial within 7 months                          Trial within 18 months
of Filing                                                of Filing

☐ EMERGENCY RELIEF REQUESTED _____    _____
                                                    Signature                                    Date

| COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing            ☐ Standard - Trial within 18 months of Filing

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) |
|---|

☐ Expedited              Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short      Trial 210 days.

☐ Standard               Trial 360 days.

☐ Lead Paint             Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos               Events and deadlines set by individual judge.

☐ Protracted Cases    Complex cases designated by the Administrative Judge.

| CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY |
|---|

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.